**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **Sportbrain Holdings LLC**, an Illinois limited liability company, | |
| Plaintiff, | |
| v. | Civil Action No.:_____ |
| **MAD Apparel, Inc.,** | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Sportbrain Holdings LLC ("Sportbrain"), through its attorney, Isaac

Rabicoff, complains of **MAD Apparel, Inc.** ("MAD Apparel") as follows:

**NATURE OF THE ACTION**

1.   This is a patent infringement action to stop Defendant MAD Apparel's infringement

of Plaintiff Sportbrain's United States Patent No. 7,454,002 entitled "*Integrating*

*Personal Data Capturing Functionality Into a Portable Computing Device and a*

*Wireless Communication Device*" (hereinafter, the "'002 Patent" or the "Patent-in-

Suit"). A copy of the '002 Patent is attached hereto as Exhibit A. Sportbrain seeks

monetary damages.

**THE PARTIES**

2.   Plaintiff Sportbrain is an Illinois limited liability company. Sportbrain is the

exclusive licensee of the Patent-in-Suit, and possesses all rights thereto, including

the exclusive right to exclude MAD Apparel from making, using, selling, offering to sell or importing in this district and elsewhere into the United States the patented invention(s) of the Patent-in-Suit, the right to sublicense the Patent-in-Suit, and to sue MAD Apparel for infringement and recover past damages.

3.     MAD Apparel is a company organized under the laws of Delaware with its principal place of business located in Redwood City, California.

## JURISDICTION AND VENUE

4.     This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.     This Court has personal jurisdiction over MAD Apparel because, among other things, it transacts business in this judicial district, at least by offering to sell, selling and/or advertising infringing products and services, including at least the MAD Apparel Athos Core, Shirt, and Shorts ("Athos System") and MAD Apparel companion apps (collectively "Accused Products and Services"), in such a way as to reach customers in Illinois and this judicial district including, but not limited to, over the internet, and through retail stores located throughout this district. MAD Apparel also directly markets and sells its infringing products and services to Illinois residents, including through its own website, https://www.liveathos.com.

7.     MAD Apparel has, consequently, committed acts of infringement in this judicial district.

8.  Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because a substantial part of the events giving rise to the claims occurred in this judicial district, and MAD Apparel has committed acts of infringement in this district.

## COUNT I: INFRINGEMENT OF THE '002 PATENT

9.  Sportbrain realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

10. The '002 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

11. MAD Apparel has infringed and continues to infringe the '002 Patent, either literally or under the doctrine of equivalents. Upon information and belief, MAD Apparel has infringed and continues to infringe one or more claims of the '002 Patent by making, using, selling, providing, advertising and/or importing, directly or through intermediaries, in this district and elsewhere in the United States, devices for integrating a personal data capturing functionality into a wireless communication device and for analyzing and supplying feedback information to a user through the combined use of the personal parameter receiver, a wireless communication device, a network server, and website in this district and elsewhere in the United States through its website.

12. Each of the Accused Products and Services infringes at least claim 1 of the '002 Patent.

13. In particular, using at least an accelerometer and/or motion sensor, the MAD Apparel Athos System acts as the personal parameter receiver, collecting data about

the activity of the user, including at least recording the number of steps taken by the user when the product is active. The MAD Apparel Athos System and MAD Apparel companion apps (collectively the "Athos product") connect to wireless communication devices, including smartphones, for capturing personal data via a bluetooth connection. The Athos product periodically transmits personal data, including at least step data, from at least a smartphone to a network server over a wireless network. A network server then analyzes the personal data of the user and generates feedback information; this feedback information is posted to a website in at least a graphical and chart form for the user, and includes at least daily and weekly progress and other health and fitness metrics, including at least step count data. The aforementioned website and/or MAD Apparel companion apps also allow a user to compare that user's personal data, at least in relation to the user's friends, and posts that comparison of the personal data.

14. MAD Apparel has also partnered with third parties to provide additional companion apps; to the extent that these third party companion apps (in combination with the Athos System) carry out the remaining steps of the method in at least claim 1, these acts are attributable to MAD Apparel under a theory of divided infringement, and MAD Apparel directly infringes on the patent-in-suit.

15. MAD Apparel also has and continues to indirectly infringe one or more claims of the asserted patent by inducing others to infringe, including merchants and end-users of its infringing products and services. Specifically, MAD Apparel has actively induced, and continues to induce, the infringement of one or more claims

of the '002 Patent at least by actively inducing its customers, including merchants and end-users to use MAD Apparel's devices for integrating a personal data capturing functionality into a wireless communication device and for analyzing and supplying feedback information to a user through the combined use of the personal parameter receiver, a wireless communication device, a network server, and website in this district and elsewhere in the United States through its website. Upon information and belief, MAD Apparel has specifically intended that its customers use the Accused Products and Services that infringe the '002 Patent by, at a minimum, providing access to, support for, training and instructions for, the Accused Products and Services to its customers to enable said customers to use said apparatus, products and services in such a way that infringes the '002 Patent. Even where performance of the steps required to infringe one or more claims of the '002 Patent is accomplished by MAD Apparel and MAD Apparel's customer jointly, MAD Apparel's actions have solely caused all of the steps to be performed.

16. MAD Apparel knew or should have known that its conduct of advertising and instructing would induce others to use its products and services in a manner that infringes the '002 Patent.

17. Without permission or compensation to Sportbrain, MAD Apparel decided to take Sportbrain's inventions and utilize its patented technology in its Accused Products and Services. On this basis, this infringement has been willful, deliberate, and in reckless disregard of Sportbrain's patent rights.

18.    Sportbrain has complied with the provisions of 35 U.S.C. § 287 to the extent they

are applicable.

19.    MAD Apparel's infringement has injured Sportbrain and it is entitled to recover

damages adequate to compensate it for such infringement, but in no event less than

a reasonable royalty, together with interest and costs.

WHEREFORE, Plaintiff Sportbrain respectfully asks this Court to enter judgment

against Defendant MAD Apparel for infringement and against its respective subsidiaries,

successors, parents, affiliates, officers, directors, agents, servants, employees, and all

persons in active concert or participation with it, granting the following relief:

A.    MAD Apparel has infringed and is infringing one or more claims of the

'002 Patent;

B.    MAD Apparel accounts to Sportbrain for damages adequate to compensate

for MAD Apparel's infringement of the '002 Patent and that such damages

be awarded to Sportbrain, including pre-judgment and post-judgment

interest;

C.    Sportbrain's damages be trebled as a result of MAD Apparel's willful

infringement of the '002 Patent;

D.    This case be adjudged as an exceptional case pursuant to 35 U.S.C. § 285

and that the Court award Sportbrain its expenses and attorneys' fees

incurred in bringing and prosecuting this action; and

E.    Sportbrain be awarded such further and additional relief as the Court deems

just and proper.

## JURY DEMAND

Under Rule 38(b) of the Federal Rules of Civil Procedure, Sportbrain respectfully requests a trial by jury on all issues.

Respectfully submitted,

/s/ Isaac Rabicoff
Counsel for Plaintiff

ISAAC RABICOFF
RABICOFF LAW LLC
73 W MONROE ST
CHICAGO, IL 60603
773-669-4590
ISAAC @ RABILAW.COM

COMPLAINT FOR PATENT INFRINGEMENT